FARANDA, APPELLEE, v. KING TIRE COMPANY ET AL., APPELLANTS.

[Cite as Faranda v. King Tire (1971), 31 Ohio App. 2d 196.]

(No. 11628—Decided November 22, 1971.)

*Messrs. Schimpf & McMullen,* for appellee.
*Messrs. Boelter, Fisher & Sullivan,* for appellants.

YOUNG, J. This is an appeal from a judgment in favor of the plaintiff, appellee herein, entered upon a jury verdict in the sum of $3,000 against the defendants, appellants herein, in the Common Pleas Court of Hamilton County, Ohio.

The plaintiff filed an action against defendants, The King Tire Company and Jeff Borer, the manager of one of its outlets, for malicious prosecution, alleging that they caused her to be arrested on a false charge of uttering a check against insufficient funds (R. C. 2911.111) and that they acted falsely, maliciously and without probable cause.

The defendants claim three assignments of error, the

first being that the trial court erred in failing to direct a verdict for them for three reasons, viz: A. advice of counsel was a complete defense; B. facts clearly demonstrated that the defendant acted with probable cause in issuing a warrant for the arrest of Mari Faranda; and C. that facts clearly demonstrated the appellee's intent to defraud.

The court finds that this assignment of error is not well taken because the record indicates there was a conflict in the testimony on each of these points and, since the trial court was required to construe such testimony most strongly against the defendants who made the motion for a directed verdict, it was proper to submit the issues to the jury.

The second assignment of error is that the court erred in failing to admit in evidence the proffered Exhibit 13, consisting of the bank statements of Mari Faranda before and after this occurrence.

The court finds this assignment of error to be well taken. This is not a criminal action and the provisions of R. C. 2945.59, which relates to proof of motive, do not directly apply. Nevertheless, the intent of the plaintiff, at the time she gave the check in question to the defendants, was one of the important elements of the defense. In the words of this Code section, "* * * any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part * * * may be proved, whether they are contemporaneous with or prior or subsequent thereto * * *."

Proffered Exhibit 13 demonstrated that plaintiff had overdrawn her account on many occasions both prior and subsequent to giving the check in question and the exhibit should have been admitted in evidence as bearing on the question of the intent of the plaintiff.

The third assignment of error is that the court's charge was erroneous in one or more of the following respects: A. reading the criminal penalty statute, and B. instructing the jury as to lost wages, as no evidence was presented.

The court finds that one of the elements of damage was the mental anguish endured by the plaintiff. Had she been aware of the penalty which could have been imposed

for a violation of the statute with which she was charged, then the court could have properly informed the jury of that penalty. However, the record does not disclose that she was aware of such penalty and, therefore, it was improper to have read the penalty section of the statute to the jury.

As to subsection B, the record discloses that the court did not instruct the jury as to "lost wages" but only as to "time lost in being arrested and having to go to court." This court finds that the jury was properly instructed as to this element of claimed damage.

The charge of the court included the following language: "If the defendant proves to you by a preponderance of the evidence that Mari Faranda was in fact guilty of issuing a check against insufficient funds with intent to defraud at that time, that would establish a complete defense to the plaintiff's case * * *." The court concluded this part of the charge as follows: "If the defendant has failed to establish by a preponderance of the evidence that she was in fact guilty, then this defense fails."

This instruction was improper for there is no obligation on the part of the defendant to establish the guilt of the plaintiff. There was an obligation on the plaintiff to establish by a preponderance of the evidence a want of probable cause on the part of the defendants in causing a warrant to be issued for her arrest. In *Melanowski* v. *Judy*, 102 Ohio St. 153, the court stated:

"In actions for malicious prosecution, while malice is an essential element, the want of probable cause is the real gist of the action. If want of probable cause be proven, the legal inference may be drawn that the proceedings were actuated by malice."

Failure by the trail court to so instruct the jury was error.

The judgment of the Court of Common Pleas of Hamilton County, Ohio, is reversed and this cause is remanded for further proceedings consistent with this decision.

*Judgment reversed.*

HESS, P. J., and SHANNON, J., concur.